# EXHIBIT B

# STATE OF NORTH CAROLINA

_____WAKE_____ County

In The General Court Of Justice
☐ District ☒ Superior Court Division

| | |
|---|---|
| Name Of Plaintiff<br>William Hicks, Individually et al.<br><br>Address<br><br>City, State, Zip | **CIVIL SUMMONS**<br>☐ **ALIAS AND PLURIES SUMMONS (ASSESS FEE)**<br><br>G.S. 1A-1, Rules 3, 4 |

| | |
|---|---|
| **VERSUS** | |
| Name Of Defendant(s)<br>Gemmy Industries Corp.; Duracell, Inc.; The Procter and Gamble Company; The Gillette Company and Duracell, P&G Inc. | Date Original Summons Issued<br><br>Date(s) Subsequent Summons(es) Issued |

## To Each Of The Defendant(s) Named Below:

| Name And Address Of Defendant 1 | Name And Address Of Defendant 2 |
|---|---|
| Duracell, Inc. | Duracell |
| C/o The Corporation Trust Company, Registered Agent | Attn: Legal Department |
| Corporation Trust Center, 1209 Orange Street | 14 Research Drive, Berkshire Corporate Park |
| Wilmington, DE 19801 | Bethel, CT 06801 |

**A Civil Action Has Been Commenced Against You!**

You are notified to appear and answer the complaint of the plaintiff as follows:

1. Serve a copy of your written answer to the complaint upon the plaintiff or plaintiff's attorney within thirty (30) days after you have been served. You may serve your answer by delivering a copy to the plaintiff or by mailing it to the plaintiff's last known address, and

2. File the original of the written answer with the Clerk of Superior Court of the county named above.

If you fail to answer the complaint, the plaintiff will apply to the Court for the relief demanded in the complaint.

| Name And Address Of Plaintiff's Attorney (If None, Address Of Plaintiff)<br>Robert H. Sasser III and Robert E. Fields III<br>Sasser Fields LLP<br>2300 Rexwoods Drive, Suite 320<br>Raleigh, NC 27607 | Date Issued<br>10-13-11 | Time<br>12 | ☐ AM<br>☒ PM |
|---|---|---|---|
| | Signature<br>CM | | |
| | ☐ Deputy CSC | ☒ Assistant CSC | ☐ Clerk Of Superior Court |

| ☐ ENDORSEMENT (ASSESS FEE)<br>This Summons was originally issued on the date indicated above and returned not served. At the request of the plaintiff, the time within which this Summons must be served is extended sixty (60) days. | Date Of Endorsement | Time | ☐ AM<br>☐ PM |
|---|---|---|---|
| | Signature | | |
| | ☐ Deputy CSC | ☐ Assistant CSC | ☐ Clerk Of Superior Court |

**NOTE TO PARTIES:** _Many counties have **MANDATORY ARBITRATION** programs in which most cases where the amount in controversy is $15,000 or less are heard by an arbitrator before a trial. The parties will be notified if this case is assigned for mandatory arbitration, and, if so, what procedure is to be followed._

AOC-CV-100, Rev. 6/11
© 2011 Administrative Office of the Courts

(Over)

I certify that this Summons and a copy of the complaint were received and served as follows:

## DEFENDANT 1

| Date Served | Time Served ☐ AM ☐ PM | Name Of Defendant |
|---|---|---|

☐ By delivering to the defendant named above a copy of the summons and complaint.

☐ By leaving a copy of the summons and complaint at the dwelling house or usual place of abode of the defendant named above with a person of suitable age and discretion then residing therein.

☐ As the defendant is a corporation, service was effected by delivering a copy of the summons and complaint to the person named below.

*Name And Address Of Person With Whom Copies Left (if corporation, give title of person copies left with)*

☐ Other manner of service *(specify)*

☐ Defendant WAS NOT served for the following reason:

## DEFENDANT 2

| Date Served | Time Served ☐ AM ☐ PM | Name Of Defendant |
|---|---|---|

☐ By delivering to the defendant named above a copy of the summons and complaint.

☐ By leaving a copy of the summons and complaint at the dwelling house or usual place of abode of the defendant named above with a person of suitable age and discretion then residing therein.

☐ As the defendant is a corporation, service was effected by delivering a copy of the summons and complaint to the person named below.

*Name And Address Of Person With Whom Copies Left (if corporation, give title of person copies left with)*

☐ Other manner of service *(specify)*

☐ Defendant WAS NOT served for the following reason.

| Service Fee Paid $ | Signature Of Deputy Sheriff Making Return |
|---|---|
| Date Received | Name Of Sheriff (Type Or Print) |
| Date Of Return | County Of Sheriff |

# STATE OF NORTH CAROLINA

File No. TTC.U15968

_____ WAKE _____ County

In The General Court Of Justice
☐ District ☒ Superior Court Division

| Name Of Plaintiff |
|---|
| William Hicks, Individually et al. |
| Address |
| |
| City, State, Zip |

**CIVIL SUMMONS**
☐ **ALIAS AND PLURIES SUMMONS (ASSESS FEE)**

G.S. 1A-1, Rules 3, 4

| **VERSUS** |
|---|
| Name Of Defendant(s) |
| Gemmy Industries Corp.; Duracell, Inc.; The Procter and Gamble Company; The Gillette Company and Duracell, P&G Inc. |

Date Original Summons Issued

Date(s) Subsequent Summons(es) Issued

## To Each Of The Defendant(s) Named Below:

| Name And Address Of Defendant 1 | Name And Address Of Defendant 2 |
|---|---|
| The Procter and Gamble Company | The Gillette Company |
| c/o Service of Process Agent, NC Secretary of State | C/o CT Corporation System, Registered Agent |
| PO Box 29622 | 1300 E. 9th Street |
| Raleigh, NC 27626-0622 | Cleveland, OH 44114 |

### A Civil Action Has Been Commenced Against You!

You are notified to appear and answer the complaint of the plaintiff as follows:

1. Serve a copy of your written answer to the complaint upon the plaintiff or plaintiff's attorney within thirty (30) days after you have been served. You may serve your answer by delivering a copy to the plaintiff or by mailing it to the plaintiff's last known address, and

2. File the original of the written answer with the Clerk of Superior Court of the county named above.

If you fail to answer the complaint, the plaintiff will apply to the Court for the relief demanded in the complaint.

| Name And Address Of Plaintiff's Attorney (If None, Address Of Plaintiff) | Date Issued | Time | |
|---|---|---|---|
| Robert H. Sasser III and Robert E. Fields III | 10-13-11 | 12 | ☐ AM ☐ PM |
| Sasser Fields LLP | Signature | | |
| 2300 Rexwoods Drive, Suite 320 | CP | | |
| Raleigh, NC 27607 | ☐ Deputy CSC  ☐ Assistant CSC  ☐ Clerk Of Superior Court | | |

| ☐ ENDORSEMENT (ASSESS FEE) This Summons was originally issued on the date indicated above and returned not served. At the request of the plaintiff, the time within which this Summons must be served is extended sixty (60) days. | Date Of Endorsement | Time | ☐ AM ☐ PM |
|---|---|---|---|
| | Signature | | |
| | ☐ Deputy CSC  ☐ Assistant CSC  ☐ Clerk Of Superior Court | | |

**NOTE TO PARTIES:** *Many counties have **MANDATORY ARBITRATION** programs in which most cases where the amount in controversy is $15,000 or less are heard by an arbitrator before a trial. The parties will be notified if this case is assigned for mandatory arbitration, and, if so, what procedure is to be followed.*

AOC-CV-100, Rev. 6/11
© 2011 Administrative Office of the Courts

(Over)

## RETURN OF SERVICE

I certify that this Summons and a copy of the complaint were received and served as follows:

### DEFENDANT 1

| Date Served | Time Served ☐ AM ☐ PM | Name Of Defendant |
|---|---|---|

☐ By delivering to the defendant named above a copy of the summons and complaint.

☐ By leaving a copy of the summons and complaint at the dwelling house or usual place of abode of the defendant named above with a person of suitable age and discretion then residing therein.

☐ As the defendant is a corporation, service was effected by delivering a copy of the summons and complaint to the person named below.

*Name And Address Of Person With Whom Copies Left (if corporation, give title of person copies left with)*

☐ Other manner of service *(specify)*

☐ Defendant WAS NOT served for the following reason:

### DEFENDANT 2

| Date Served | Time Served ☐ AM ☐ PM | Name Of Defendant |
|---|---|---|

☐ By delivering to the defendant named above a copy of the summons and complaint.

☐ By leaving a copy of the summons and complaint at the dwelling house or usual place of abode of the defendant named above with a person of suitable age and discretion then residing therein.

☐ As the defendant is a corporation, service was effected by delivering a copy of the summons and complaint to the person named below.

*Name And Address Of Person With Whom Copies Left (if corporation, give title of person copies left with)*

☐ Other manner of service *(specify)*

☐ Defendant WAS NOT served for the following reason.

| Service Fee Paid $ | Signature Of Deputy Sheriff Making Return |
|---|---|
| Date Received | Name Of Sheriff (Type Or Print) |
| Date Of Return | County Of Sheriff |

AOC-CV-100, Side Two, Rev. 6/11
© 2011 Administrative Office of the Courts

# STATE OF NORTH CAROLINA

_____ WAKE _____ County

In The General Court Of Justice
☐ District ☒ Superior Court Division

| | |
|---|---|
| *Name Of Plaintiff*<br>William Hicks, Individually et al. | |
| *Address* | **CIVIL SUMMONS** |
| *City, State, Zip* | ☐ **ALIAS AND PLURIES SUMMONS (ASSESS FEE)** |

**VERSUS**

G.S. 1A-1, Rules 3, 4

| | |
|---|---|
| *Name Of Defendant(s)*<br>Gemmy Industries Corp.; Duracell, Inc.; The Procter and Gamble Company; The Gillette Company and Duracell, P&G Inc. | *Date Original Summons Issued* |
| | *Date(s) Subsequent Summons(es) Issued* |

## To Each Of The Defendant(s) Named Below:

| *Name And Address Of Defendant 1* | *Name And Address Of Defendant 2* |
|---|---|
| DURACELL, P&G, INC. | Duracell, P&G, Inc. |
| PO BOX 355/B.P. 355 | Attn: Legal Department |
| STATION A/ SUCCURSALE A | 4711 Yonge Street/Rue Yonge |
| Toronto, Ontario M5W 1C5, CANADA | Toronto, Ontario M2N 6K8, CANADA |

### A Civil Action Has Been Commenced Against You!

You are notified to appear and answer the complaint of the plaintiff as follows:

1. Serve a copy of your written answer to the complaint upon the plaintiff or plaintiff's attorney within thirty (30) days after you have been served. You may serve your answer by delivering a copy to the plaintiff or by mailing it to the plaintiff's last known address, and

2. File the original of the written answer with the Clerk of Superior Court of the county named above.

If you fail to answer the complaint, the plaintiff will apply to the Court for the relief demanded in the complaint.

| *Name And Address Of Plaintiff's Attorney (If None, Address Of Plaintiff)*<br>Robert H. Sasser III and Robert E. Fields III | *Date Issued*<br>10-13-11 | *Time*<br>12 | ☐ AM<br>☐ PM |
|---|---|---|---|
| Sasser Fields LLP | *Signature* | | |
| 2300 Rexwoods Drive, Suite 320 | | | |
| Raleigh, NC 27607 | ☐ *Deputy CSC* | ☐ *Assistant CSC* | ☐ *Clerk Of Superior Court* |

| ☐ **ENDORSEMENT (ASSESS FEE)**<br>This Summons was originally issued on the date indicated above and returned not served. At the request of the plaintiff, the time within which this Summons must be served is extended sixty (60) days. | *Date Of Endorsement* | *Time* | ☐ AM<br>☐ PM |
|---|---|---|---|
| | *Signature* | | |
| | ☐ *Deputy CSC* | ☐ *Assistant CSC* | ☐ *Clerk Of Superior Court* |

**NOTE TO PARTIES:** *Many counties have **MANDATORY ARBITRATION** programs in which most cases where the amount in controversy is $15,000 or less are heard by an arbitrator before a trial. The parties will be notified if this case is assigned for mandatory arbitration, and, if so, what procedure is to be followed.*

AOC-CV-100, Rev. 6/11
© 2011 Administrative Office of the Courts

(Over)

## RETURN OF SERVICE

I certify that this Summons and a copy of the complaint were received and served as follows:

### DEFENDANT 1

| Date Served | Time Served ☐ AM ☐ PM | Name Of Defendant |
|---|---|---|

☐ By delivering to the defendant named above a copy of the summons and complaint.

☐ By leaving a copy of the summons and complaint at the dwelling house or usual place of abode of the defendant named above with a person of suitable age and discretion then residing therein.

☐ As the defendant is a corporation, service was effected by delivering a copy of the summons and complaint to the person named below.

Name And Address Of Person With Whom Copies Left (if corporation, give title of person copies left with)

☐ Other manner of service (specify)

☐ Defendant WAS NOT served for the following reason:

### DEFENDANT 2

| Date Served | Time Served ☐ AM ☐ PM | Name Of Defendant |
|---|---|---|

☐ By delivering to the defendant named above a copy of the summons and complaint.

☐ By leaving a copy of the summons and complaint at the dwelling house or usual place of abode of the defendant named above with a person of suitable age and discretion then residing therein.

☐ As the defendant is a corporation, service was effected by delivering a copy of the summons and complaint to the person named below.

Name And Address Of Person With Whom Copies Left (if corporation, give title of person copies left with)

☐ Other manner of service (specify)

☐ Defendant WAS NOT served for the following reason.

| Service Fee Paid $ | Signature Of Deputy Sheriff Making Return |
|---|---|
| Date Received | Name Of Sheriff (Type Or Print) |
| Date Of Return | County Of Sheriff |

AOC-CV-100, Side Two, Rev. 6/11
© 2011 Administrative Office of the Courts

STATE OF NORTH CAROLINA
COUNTY OF WAKE

IN THE GENERAL COURT OF JUSTICE
SUPERIOR COURT DIVISION
11 CVS _____

WILLIAM HICKS, Individually, and
KELLY HICKS, Individually and as
Guardian ad Litem for DYLAN HICKS,
a minor, and DYLAN HICKS;

                 Plaintiffs,

       vs.

GEMMY INDUSTRIES CORP.;
DURACELL, INC.; THE PROCTER
AND GAMBLE COMPANY; THE
GILLETTE COMPANY and
DURACELL, P&G INC.
          Defendants.

)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)

COMPLAINT
(Jury Trial Requested)
(COMP)

Plaintiffs William Hicks, individually, Kelly M. Hicks, individually and as Guardian ad Litem for Dylan Hicks, and Dylan Hicks, a minor, (hereinafter "Plaintiffs"), complaining of the Defendants, allege as follows:

## PARTIES

1.    Plaintiffs William Hicks, Kelly Hicks and Dylan Hicks are citizens of North Carolina, and reside in Wake County, North Carolina.  Kelly Hicks and William Hicks are the parents of Dylan Hicks, a minor.

2.    Plaintiff Kelly Hicks has been duly appointed as Guardian Ad Litem for Dylan Hicks.

1

3. Upon information and belief, Defendant Gemmy Industries Corp. (hereinafter "Gemmy") is a Texas corporation with principal offices located in Coppell, Texas.

4. Upon information and belief, Defendant Duracell, Inc. is a Delaware corporation with principal offices located in Bethel, Connecticut.

5. Upon information and belief, Defendant The Proctor and Gamble Company is an Ohio corporation with principal offices located in Cincinnati, Ohio.

6. Upon information and belief, Defendant Duracell, P&G Inc. is a foreign corporation with principal offices located in Toronto, Ontario, Canada.

7. Upon information and belief, Defendant The Gillette Company is a Delaware corporation authorized to do business in North Carolina with principal offices in Cinncinnati, Ohio.

8. Upon information and belief, Duracell, Inc. merged into The Gillette Company, which eventually merged into The Procter and Gamble Company. Gillette and Duracell are currently "brands" of The Procter and Gamble Company according to The Procter and Gamble Company's website.

9. At all times relevant to this matter, Gemmy was engaged in the business of designing, manufacturing and selling inflatable Halloween costumes for adults and children, among other novelty items.

10. At all times relevant to this matter, The Procter and Gamble Company, The Gillette Company, Duracell, Inc., and Duracell,P&G Inc. (hereinafter "Duracell" collectively) were engaged in the business of manufacturing and selling consumer goods.

2

## JURISDICTION AND VENUE

11.     The Court has personal and subject matter jurisdiction over this action and the parties pursuant to N.C. Gen. Stat. § 1-75.4 and § 7A-240.

12.     Venue is proper in this Court pursuant to N.C. Gen. Stat. § 1-80.

## FACTS

13.     Gemmy inflatable costumes are manufactured and made of oversized, lightweight synthetic fabric, and fasten securely to the wearer's body at termination points, such as wrists and ankles. The oversized fabric is cinched at the termination points with either hook and loop closures or elastic, or both, to create a balloon effect.

14.     Gemmy inflatable costumes are sold with a portable battery pack. This battery pack powers a small fan mechanism that is used to inflate the costume when powered by four AA alkaline batteries. The Gemmy portable battery pack is made of plastic, and features a clip on one side to facilitate attachment to the wearer's clothing.

15.     Dylan Hicks, then 11 years old, chose to wear an inflatable Gemmy Halloween costume purchased by Plaintiff Kelly Hicks to go trick-or-treating on October 31, 2001 in Cary, North Carolina.

16.     On October 31, 2010 Dylan Hicks properly installed four brand new Duracell AA alkaline batteries with a March, 2016 expiration date, also purchased by Plaintiff Kelly Hicks, in the Gemmy portable battery pack, turned on the battery pack and slipped it into the pocket of the shorts he was wearing underneath the costume.

17.     While trick-or-treating, Dylan Hicks noted a tingling sensation on his left thigh. Upon removing the costume after trick-or-treating, Dylan Hicks inspected the tingling area on his left thigh to discover a large area of blackened skin where the pocket

3

containing the portable battery pack touched his leg. Plaintiffs discovered a moist substance which had leaked from the Gemmy portable battery pack while worn as instructed, soaked into the fabric of Dylan's pocket and directly contacting the skin of his left thigh at the affected area.

18.     Dylan Hicks sought medical attention the next morning, November 1, 2010, from his pediatrician, Brian Bowman, M.D. Dr. Bowman diagnosed Dylan's condition as a third degree burn and immediately referred him to the University of North Carolina Jaycee Burn Center for a same-day evaluation.

19.     Dylan Hicks was treated at the University of North Carolina Jaycee Burn Center on November 1, 2010. Dylan Hicks underwent surgery to excise and graft the affected area on November 8, 2010. Surgeons performed a skin graft to the affected area using tissue from an area on Dylan's thigh immediately above the wound. Dylan Hicks remained hospitalized at the University of North Carolina for five days until released on November 12, 2010.

20.     Although healing at the wound site has progressed, Dylan's skin remains concave, discolored and scarred at the location of the burn. The scarring and indentation is not expected to be resolved without additional surgical intervention.

21.     Plaintiffs William and Kelly Hicks have incurred significant medical expenses as a result of Dylan's injuries, and are likely to continue to incur medical expenses as treatment continues.

22.     The claims herein are asserted pursuant to §99-B of the North Carolina General Statutes, the common law and such other statutes and laws as may be applicable.

4

## COUNT I
## Breach of Implied Warranty of Merchantability - Gemmy

23.     Plaintiffs hereby reallege and incorporate by reference the allegations in paragraphs 1 through 22 as though fully set forth herein.

24.      The sale of the Gemmy costume to Plaintiffs included an implied warranty of merchantability under N.C.G.S. §§ 25-2-314.

25.     The costume was defective as designed when worn and operated as instructed, and not fit for its ordinary purpose for which such goods are used as manufactured and sold by Gemmy.

26.     Gemmy breached the implied warranty of merchantability as defined in N.C.G.S. §25-2-314 in the manufacture and sale of the defective costume, and said breach was a proximate and direct cause of the injuries sustained by Plaintiffs.

## COUNT II
## Breach of Implied Warranty of Fitness for a Particular Purpose – Gemmy

27.     Plaintiffs hereby reallege and incorporate by reference the allegations in paragraphs 1 through 26 as though fully set forth herein.

28.     The sale of the costume to Plaintiffs included an implied warranty of fitness for a particular purpose under N.C.G.S. §§ 25-2-315.

29.     The costume was intended for particular use as an inflatable Halloween costume.

30.     Gemmy had reason to know that the costume would be used as a Halloween costume worn for hours of trick-or-treating, and in fact marketed the costume and others in its inflatable costume line for this particular purpose.

31.     Gemmy had reason to know that Plaintiffs and other consumers would rely upon Gemmy's skill and judgment to furnish goods suitable for the purpose of wearing an inflatable Halloween costume.

32.     Gemmy breached the implied warranty of fitness for particular purpose as defined in N.C.G.S. §25-2-315 in the manufacture and sale of the costume, and said breach was a proximate and direct cause of the injuries sustained by Plaintiffs.

### COUNT III
### Breach of Implied Warranty of Merchantability – Duracell

33.     Plaintiffs hereby reallege and incorporate by reference the allegations in paragraphs 1 through 32 as though fully set forth herein.

34.     The sale of the Duracell AA alkaline batteries to Plaintiffs included an implied warranty of merchantability under N.C.G.S. §§ 25-2-314.

35.     One or more of the new batteries were defective as they leaked battery acid, and were thus not fit for their ordinary purpose for which such goods are used as manufactured and sold by Duracell.

36.     Duracell breached the implied warranty of merchantability as defined in N.C.G.S. §25-2-314 in the manufacture and sale of the defective battery or batteries, and said breach was a proximate and direct cause of the injuries sustained by Plaintiffs.

### COUNT IV
### Breach of Implied Warranty of Fitness for a Particular Purpose – Duracell

37.     Plaintiffs hereby reallege and incorporate by reference the allegations in paragraphs 1 through 36 as though fully set forth herein.

38.     The sale of the batteries to Plaintiffs included an implied warranty of fitness for a particular purpose under N.C.G.S. §§ 25-2-315.

6

39.     Duracell had reason to know that its alkaline AA batteries would be used to power portable devices such as the battery pack component of the costume, that some portable devices may be in close proximity to a user's body, and that battery acid can leak.

40.     Duracell had reason to know that Plaintiffs and other consumers would rely upon Duracell's skill and judgment to furnish alkaline batteries suitable for the purpose of powering a portable battery pack worn against the body for use in operating an inflatable costume.

41.     Duracell breached the implied warranty of fitness for particular purpose as defined in N.C.G.S. §25-2-315 in the manufacture and sale of the defective battery or batteries, and said breach was a proximate and direct cause of the injuries sustained by Plaintiffs.

## COUNT V
## Negligence of Gemmy

42.     Plaintiffs hereby reallege and incorporate by reference the allegations in paragraphs 1 through 41 as though fully set forth herein.

43.     At all times relevant to this action, Gemmy had a duty to exercise ordinary care in the design, manufacture and labeling of the costume which Gemmy introduced into the stream of commerce.

44.     Gemmy knew, or reasonably should have known, that the costume would be worn for several hours at a time, with the battery pack in close proximity to the wearer's body as directed by Gemmy's product instructions.

45.     At all times relevant to this action, it was foreseeable to Gemmy that batteries powering its costumes could leak, and Gemmy knew or reasonably should have

known that the costume was unreasonably dangerous and defective as designed and/or manufactured because it failed to include:

    a.    any redundancy to contain battery acid or other substances released from alkaline batteries during use;

    b.    a closed gasket seam around the opening to the battery pack;

    c.    a storage pouch of any kind to contain the battery pack and provide protection against thermal and/or chemical burns from said battery pack when worn as directed; and/or

    d.    any other adequate and reasonable design to be proven in discovery and at trial.

46.     The design of the costume was and is unreasonable in light of the magnitude of the risk of serious injury to the wearer due to chemical and/or thermal burns, the likelihood that users of the costume are unaware of the risk of injury due to said inadequate design, and the feasibility of a technically superior, practical and economically feasible alternative design which was available at the time of manufacture of the costume.

47.     At the time the costume left Gemmy's control and as sold to Plaintiffs, the costume failed to include any warning regarding the risk of injury to the wearer resulting in serious chemical and/or thermal burns, and included instructions for use that directed the wearer to attach the battery pack to the wearer's clothing.

48.     At the time the costume left Gemmy's control with inadequate warnings and instructions, Gemmy knew or in the exercise of ordinary care should have known that the Costume was unreasonably dangerous and defective when used as directed and designed, and posed a substantial risk of harm to the wearer.

8

49. Gemmy's failure to warn Plaintiffs and other potential wearers of its inflatable costumes regarding the risk of injury due to serious chemical and/or thermal burns, and Gemmy's instruction to Plaintiffs and other wearers to attach the battery pack to their clothing were and are unreasonable, dangerous, negligent and render both the product warnings and product instructions inadequate.

50. At all times pertinent to this action, if Gemmy had adopted a reasonable alternative design affording some protection against burns from the Gemmy portable battery pack, the risk of harm to Dylan Hicks and others would have been substantially reduced or prevented altogether without impairing the usefulness, practicality or desirability of Gemmy's inflatable costumes.

51. At all times pertinent to this action, if Gemmy had provided adequate product warnings and instructions addressing and contemplating the risk of injury due to burns from the Gemmy portable battery pack, the risk of harm to Dylan Hicks and others would have been substantially reduced or prevented altogether.

52. Gemmy's inadequate design, inadequate product warnings, and inadequate product instructions were a direct and proximate cause of the injuries and damages suffered by Plaintiffs.

53. The product defects in the costume as manufactured and alleged above were a direct and proximate cause of the injuries and damages suffered by Plaintiffs.

54. The injuries and damages suffered by Plaintiffs were the reasonably foreseeable results of Gemmy's negligence, and had Gemmy adequately labeled, manufactured and designed its inflatable costume prior to selling the same, Plaintiffs would not have sustained the injuries and damages described herein.

9

## COUNT VI
## Negligence of Duracell

55.     Plaintiffs hereby reallege and incorporate by reference the allegations in paragraphs 1 through 54 as though fully set forth herein.

56.     At all times relevant to this action, Duracell had a duty to exercise ordinary care in the manufacture of the batteries that Duracell introduced into the stream of commerce, and a duty to provide adequate warnings regarding the risks attendant their use.

57.     At all times relevant to this action, Duracell knew or reasonably should have known that:

      a.    defective alkaline batteries may leak battery acid, and exposure of human skin to said acid can result in significant chemical burns;

      b.    leaking battery acid may escape the devices which are powered by Duracell's alkaline batteries; and

      c.    where batteries are used in devices worn adjacent to the body or in close proximity to the body, there is significant risk of burning the body when battery acid or other corrosive chemical substances emitted from leaking batteries breach the device and contact the skin.

58.     The Duracell batteries as sold to Plaintiffs did not include a warning regarding the risks of injury due to battery acid and/or other corrosive chemical substances breaching a battery-powered device worn in close proximity to the body.

59.     One or more of the batteries used by Plaintiff Dylan Hicks were defective as manufactured in that despite proper use, proper installation and a March 2016 expiration date, during their first use one or more of said batteries leaked battery acid and/or a corrosive gelatinous substance in quantities sufficient to breach the Gemmy portable battery pack.

10

60.    The defective battery or batteries and the inadequate warnings of Duracell were a direct and proximate cause of the injuries and damages suffered by Plaintiffs, and those injuries and damages were the reasonably foreseeable results of Duracell's negligence.  Had Duracell properly manufactured its batteries prior to their sale, and/or provided adequate product warnings, Plaintiffs would not have sustained the injuries and damages described herein.

61.    As a direct and proximate cause of Duracell's negligence, Plaintiffs have sustained the injuries and damages described herein.

## DAMAGES

62.    Plaintiffs hereby reallege and incorporate by reference the allegations in paragraphs 1 through 61 as though fully set forth herein.

63.    As a direct and proximate result of the claims against Gemmy and Duracell set forth in Counts I, II, III, IV, V and VI, Plaintiffs sustained injuries and damages as follows:

  a.    Dylan Hicks received serious and painful bodily injuries;

  b.    Dylan Hicks experienced pain, suffering and anxiety in his body and mind;

  c.    Dylan Hicks suffered permanent scarring and disfigurement;

  d.    Dylan Hicks incurred reasonable medical expenses and other expenses for medical treatment;

  e.    Dylan Hicks experienced discomfort and distress in performing his day to day activities, and for some time was medically restricted from same; and

  f.    Plaintiffs William Hicks and Kelly M. Hicks incurred medical and other expenses for the reasonable and necessary treatment of Dylan Hicks.

11

64. But for the acts and omissions of Gemmy and/or Duracell set forth in Counts I, II, III, IV, V and VI, Plaintiffs would not have suffered these damages.

## **PRAYERS FOR RELIEF**

WHEREFORE, Plaintiffs pray the Court for the following relief:

1. Plaintiffs recover from Defendants, jointly and severally, an amount in excess of $10,000.00, plus interest;

2. That Plaintiffs have and recover the costs of this action, including attorney fees as allowed by law;

3. That Plaintiffs be granted a trial by jury on all issues so triable; and

4. That Plaintiffs recover such further relief that the Court deems just and proper.

This the 12th day of October, 2011.

Robert H. Sasser, III
NC State Bar No. 11079
Kimberly Brackett-Jones
NC State Bar No. 26488
Sasser Fields, LLP
2300 Rexwoods Drive, Suite 320
Raleigh, NC 27607
Counsel for Plaintiffs

STATE OF NORTH CAROLINA
COUNTY OF WAKE

IN THE GENERAL COURT OF JUSTICE
SUPERIOR COURT DIVISION
11 CVS _____

|  |  |
|---|---|
| WILLIAM HICKS, Individually, and KELLY HICKS, Individually and as Guardian ad Litem for DYLAN HICKS, a minor, and DYLAN HICKS;<br><br>                Plaintiffs,<br><br>        vs.<br><br>GEMMY INDUSTRIES CORP.; DURACELL, INC.; THE PROCTER AND GAMBLE COMPANY; THE GILLETTE COMPANY and DURACELL, P&G INC.<br>                Defendants. | VERIFICATION OF COMPLAINT |

William Hicks, Individually, and Kelly Hicks, Individually, and as Guardian Ad Litem for Dylan Hicks, a Minor, being over eighteen years of age and otherwise competent to make this affidavit, verify under oath that we have read the foregoing Complaint and know the contents thereof; and the facts stated therein are known to us to be true and accurate to the best of our knowledge.

_William Hicks, Individually_
William Hicks, Individually

_Kelly M Hicks_
Kelly Hicks, Individually,
and as Guardian Ad Litem
for Dylan Hicks, a Minor

Sworn to and subscribed before me,
This the 5th day of October 2011.

_Algie B. Simpson_                    [Seal]
Notary Public

My commission expires on: _May 26, 2013_

> Algie B. Simpson
> Notary Public
> Wake County, NC
> My Commission Expires May 26, 2013

STATE OF NORTH CAROLINA
COUNTY OF WAKE

IN THE GENERAL COURT OF JUSTICE
SUPERIOR COURT DIVISION
11 CVS _____

WILLIAM HICKS, Individually, and )
KELLY HICKS, Individually and as )
Guardian ad Litem for DYLAN HICKS, a )
minor, and DYLAN HICKS; )
                              )
            Plaintiffs, )
                              )
          vs. )
                              )
GEMMY INDUSTRIES CORP.; )
DURACELL, INC.; THE PROCTER AND )
GAMBLE COMPANY; THE GILLETTE )
COMPANY and DURACELL, P&G INC. )
          Defendants. )
                              )
                              )
                              )

MOTION FOR APPOINTMENT OF
GUARDIAN AD LITEM

NOW COME Plaintiffs, pursuant to Rule 17(b)(1) of the North Carolina Rules of Civil

Procedure and through their undersigned counsel, and move for an Order appointing Plaintiff

Kelly Hicks Guardian Ad Litem for her biological minor son, Plaintiff Dylan Hicks, for the

purpose of prosecuting his claims in this action.

This the 13th day of October, 2011.

Robert H. Sasser, III
NC State Bar No. 11079
Kimberly Brackett-Jones
NC State Bar No. 26488
Sasser Fields, LLP
2300 Rexwoods Drive, Suite 320
Raleigh, NC 27607
Email: Robert.Sasser@SasserFields.com
Phone: (919) 899-9655
Counsel for Plaintiffs

STATE OF NORTH CAROLINA | IN THE GENERAL COURT OF JUSTICE
COUNTY OF WAKE | SUPERIOR COURT DIVISION
|  11 CVS _____

|   |   |
|---|---|
| WILLIAM HICKS, Individually, and KELLY HICKS, Individually and as Guardian ad Litem for DYLAN HICKS, a minor, and DYLAN HICKS; | ) ) ) ) ) |
| Plaintiffs, | ) ) |
| vs. | ) ) |
| GEMMY INDUSTRIES CORP.; DURACELL, INC.; THE PROCTER AND GAMBLE COMPANY; THE GILLETTE COMPANY and DURACELL, P&G INC. Defendants. | ) ) ) ) ) ) ) ) ) ) |

ORDER APPOINTING GUARDIAN AD
LITEM FOR MINOR PLAINTIFF

Having reviewed the Motion for Appointment of Guardian Ad Litem filed pursuant to Rule 17(b)(1) of the North Carolina Rules of Civil Procedure, the undersigned concludes the Motion is well grounded and should be allowed. NOW THEREFORE, it is hereby ORDERED that Plaintiff Kelly Hicks is hereby appointed Guardian Ad Litem for her minor son, Dylan Hicks, for purposes of prosecuting his claims in this matter.

This the _13_ day of October, 2011.

_____
The Honorable William Burlington
Assistant Clerk of Superior Court